## Muckle v. Kendig.

*Trespass for damages—Affidavit of defence—Oral or written contract—Practice Act of May 14, 1915.*

1. In an action to recover damages for the negligent performance of a contract, it is not necessary to set forth in the statement whether the contract was oral or written.

2. There is nothing in the Practice Act of May 14, 1915, P. L. 483, that authorizes the entry of judgment for plaintiff for want of a sufficient affidavit of defence in an action of trespass.

Rules to strike off statement and for judgment for want of a sufficient affidavit of defence and affidavit raising question of law. C. P. Lancaster Co., Aug. T., 1922, No. 139.

*J. Andrew Frantz*, for plaintiff; *John E. Malone*, for defendant.

LANDIS, P. J., Dec. 23, 1922.—On July 31, 1922, the plaintiff brought an action of trespass against the defendant, and subsequently he filed his statement, in which he alleged that the defendant had been employed to examine the records of a certain property which the plaintiff was about to purchase from one James F. Simpson, and that, by reason of his negligence, he failed to discover an outstanding indexed judgment, and thereby damages resulted to the plaintiff. The plaintiff, on Oct. 18, 1922, entered a rule for judgment for want of a sufficient affidavit of defence, and the defendant filed an affidavit of defence raising a question of law, and also moved to strike off the statement. The reason set forth in the affidavit of defence and the grounds for the striking off of the statement are the same, and both are based upon the fact that the statement failed to set forth "whether the contract sued upon was oral or in writing."

How, in an action of trespass, a plaintiff can obtain judgment for want of a sufficient affidavit of defence I do not know. Certainly the Practice Act of May 14, 1915, P. L. 483, authorizes no such proceeding. But, in addition, the affidavit of defence purported to raise a question of law, and questions of this character must first be determined before the merits of the defence are

considered. On the other hand, in such a proceeding, it is not necessary to set forth whether the contract out of which the trespass arose was oral or in writing. Section 9 ·of the above act provides that, "in actions on contracts, it shall state whether the contract was oral or in writing." But here the action was not on a contract. It was a claim for damages for the negligent performance of a contract. This same proposition was before us in Sorrick v. Scheetz, 34 Lanc. Law Rev. 261.

It, therefore, follows that the motion to strike off plaintiff's statement must be overruled, the question of law raised in the affidavit of defence determined in favor of the plaintiff, and the rule for judgment for want of a sufficient affidavit of defence discharged. The defendant is allowed fifteen days in which to file an affidavit of defence to the averments of fact contained in the statement.

Motion overruled, question of law determined in favor of the plaintiff, and rule discharged.                    From George Ross Eshleman, Lancaster, Pa.